IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARK ANTHONY TROUTT,           )
                               )
        Petitioner,             )
                               )
                               )   CIV-09-1348-D
v.                             )
                               )
JUSTIN JONES, Director, et al., )
                               )
        Respondents.            )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Unlawful Distribution of Controlled Dangerous Substance after former conviction of two or more felonies entered in the District Court of Oklahoma County, Oklahoma, Case No. CF-01-6216. For this conviction, Petitioner is serving a sentence of thirty years of imprisonment. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be dismissed upon filing.

According to Petitioner, he was charged with the offense of Unlawful Distribution of

1

Controlled Dangerous Substance after former conviction of two or more felonies in the District Court of Oklahoma County, Oklahoma, in November 2001. Petitioner was convicted in a jury trial on September 10, 2003, and he appealed the conviction. The Oklahoma Court of Criminal Appeals ("OCCA") reversed the conviction based on the appellate court's finding of trial court error in failing to instruct the jury on the Petitioner's defense of entrapment.

In a second jury trial conducted January 10-11, 2005, Petitioner was again found guilty and convicted of the offense. In a second stage proceeding the jury recommended a sentence of thirty years of imprisonment. On January 12, 2005, the district court imposed a sentence of thirty years of imprisonment consistent with the jury's recommendation. The OCCA affirmed the conviction and sentence in an opinion entered March 31, 2006. Petitioner's Appendix, Ex. 1 (Troutt v. State, No. F-2005-69 (Okla. Ct. Crim. App. Mar. 31, 2006)(unpublished summary op.)). In the appellate court's opinion, the court rejected Petitioner's claims of insufficiency of the evidence and excessive sentence.

Petitioner states that he filed an application for post-conviction relief on an unspecified date and the district court struck the application due to Petitioner's failure to comply with the district court's procedural rules. Public records of the Oklahoma County District Court, of which the undersigned takes judicial notice, reflect that in Case No. CF-01-6216 Petitioner filed a post-conviction application on February 27, 2007, the State moved to strike the application, and the motion was granted and the application was stricken from the record on March 27, 2007. http://www.oscn.net (docket sheet in State of Oklahoma v.

Mark Anthony Troutt, Case No. CF-2001-6216, accessed December 22, 2009). Petitioner filed an application for post-conviction relief in the district court on May 22, 2009, and the application was denied on June 26, 2009. Petition, Ex. 1. In an Order entered October 14, 2009, the OCCA affirmed the denial of the application. Petition, Ex. 2.

Petitioner asserts in his Petition and brief in support of the Petition that insufficient evidence was presented at trial to support the conviction because the State failed to prove he was not entrapped. Petitioner also asserts that he was denied effective assistance of trial counsel because his trial counsel did not raise the defense of entrapment at trial or move for a directed verdict of judgment of acquittal due to insufficient evidence or move for a new trial. Petitioner asserts he was denied effective assistance of appellate counsel because his appellate counsel did not assert a Sixth Amendment claim of ineffective assistance of trial counsel. Finally, Petitioner asserts that his prior felony convictions were improperly used to enhance his sentence "due to ineffectiveness of trial and appellate counsels [sic]."

Effective April 24, 1996, the statutes governing federal habeas corpus actions for state and federal prisoners were substantially amended by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The AEDPA amends 28 U.S.C. § 2244 by imposing a one-year period of limitation upon the filing of a petition seeking a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed

3

after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. §2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] Petitioner's conviction was affirmed by the OCCA on March 31, 2006. The conviction therefore became "final" under 28 U.S.C. § 2244(d)(1)(A) on July 1, 2006, when the time for Petitioner to seek certiorari review with the United States Supreme Court, which he did not do, expired.[2] Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001)("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until ... 'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'")(quoting Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), cert. denied, 528 U.S. 1084 (2000)). Petitioner therefore had one year from July 1, 2006, to file his federal habeas petition commensurate with 28 U.S.C. § 2244(d)(1), and his one-year filing period expired on July 1, 2007, more than two years before Petitioner filed his federal habeas Petition on December 9, 2009.

The one-year limitations period is tolled for "[t]he time during which a properly filed

---

[1] None of the alternative circumstances described in § 2244(d)(1) for commencement of the limitations period are applicable to the instant Petition.

[2] See Rule 13.1, Rules of the Supreme Court (applicant for certiorari has 90 days from date of judgment to file petition for writ of certiorari); 28 U.S.C. § 2101(d).

4

application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Petitioner's first post-conviction application filed in the district court on February 27, 2007, was stricken due to procedural deficiencies.  A post-conviction application is "properly filed" as required by 28 U.S.C. § 2244(d)(2) if it complies with state procedural requirements." Habteselassie v. Novak, 209 F.3d 1208, 1210-1211 (10th Cir. 2000). This application was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore the application does not toll the running of the limitations period.  Petitioner filed a second application for post-conviction relief in the District Court of Oklahoma County on May 22, 2009.   This post-conviction application was not filed within the one-year limitations period, and therefore the application does not toll the running of the limitations period.  28 U.S.C. § 2244(d)(2); Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006)("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002). Consequently, Petitioner's habeas Petition, filed more than two years after the limitations period expired, is time-barred by operation of 28 U.S.C. § 2244(d)(1)(A) unless equitable tolling applies to extend the limitations period.

The one-year limitations period "is not jurisdictional and as a limitation may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

5

circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller, 141 F.3d at 978 (10th Cir.). Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In his Petition, Petitioner provides no explanation for his failure to timely file his Petition. Petitioner asserts only that he "has just exhausted his state remedies and seeks to proceed" in this Court. This assertion does not demonstrate the extraordinary circumstances necessary to support the equitable tolling of the limitations period. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(ignorance of the law does not excuse untimely filing). Petitioner has not provided facts supporting mental incapacity, actual innocence, or other extraordinary circumstances as grounds for equitable tolling. Petitioner states in connection with the claims asserted in his Petition that "[p]lain error caused actually innocent Petitioner's conviction." Brief in Support of Petition, at 6. Petitioner contends that he cannot be guilty of the drug offense because he was entrapped by a police officer. However, the OCCA reviewed Petitioner's claim of insufficient evidence to support the verdict and found, based on the evidence presented at Petitioner's trial, that the law enforcement officer "merely furnished the opportunity for [Petitioner] to commit a crime and that [Petitioner] already

possessed the requisite criminal intent" and therefore "a rational jury could have found the State disproved [Petitioner's] entrapment defense beyond a reasonable doubt." Petitioner's Appendix, Ex. 1, at 3-4. Petitioner has not demonstrated that, "in light of all the evidence [and the presumptively correct factual findings made by the OCCA in Petitioner's direct appeal], it is more likely than not that no reasonable juror would have convicted him" of the offense. Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner has also failed to show that he has diligently pursued his federal claims. Because Petitioner has not demonstrated a basis for the statutory or equitable tolling of the limitations period and the limitations period has expired, the Petition should be dismissed on the ground that Petitioner failed to timely file his federal habeas Petition.

Even if Petitioner could show that the procedurally-defective post-conviction application he filed in the district court during the limitations period equitably tolled the running of the limitations period, this defective application was only pending for one month in the district court before it was ordered stricken from the record. Consequently, even assuming the equitable tolling of the limitations period for this one-month period, the limitations period would have expired on August 1, 2007. Therefore, the Petition is not timely filed under these circumstances and should be dismissed as it is time-barred.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED upon filing on the ground that

it is time-barred. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___January 11th___ , 2010, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf.</u> <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___22nd___ day of ___December___, 2009.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE