IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MARK ANTHONY TROUTT, | ) |  |
|---|---|---|
| Petitioner, | ) ) ) |  |
| v. | ) ) | Case No. CIV-09-1348-D |
| JUSTIN JONES, Director, | ) ) ) |  |
| Respondent. | ) |  |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) on December 22, 2009. Judge Purcell recommends summary dismissal of the Petition as time-barred by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). Within the time period for filing an objection, Petitioner has made a filing entitled, "Petitioner's Pro-Se Motion to Amend Habeas Corpus CIV-09-1348-D Petition" [Doc. No. 15], to add allegations regarding previous post-conviction proceedings in state and federal courts that he believes warrant equitable tolling of the limitations period. The Court liberally construes Petitioner's filing as a timely objection to the Report. The Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254 regarding a conviction of unlawful distribution of a controlled dangerous substance after previous felony convictions, and a 30-year prison sentence imposed on January 12, 2005, in Case No. CF-2001-6216, District Court of Oklahoma County, Oklahoma. In opposition to Judge Purcell's

finding of untimeliness, Petitioner presents arguments to support equitable tolling based, in part, on a previous § 2254 action, which was dismissed by this Court on February 21, 2008. *See* Petitioner's Pro-Se Motion, Ex. 3 [Doc. 15-4]. The court of appeals denied a certificate of appealability and dismissed a prior appeal on July 15, 2008, and denied rehearing on August 14, 2008. *Id.*, Exs. 4-5. The Supreme Court denied a writ of certiorari on March 9, 2009. *Id.*, Ex. 6. A review of the court record in the earlier case confirms that the prior petition involved the same criminal conviction in Case No. CF-2001-6216, District Court of Oklahoma County, Oklahoma. *See Troutt v. Jones*, Case No. CIV-07-1062-D, Petition (W.D. Okla. Sept. 21, 2007); *see also id.*, Order (Feb. 12, 2008).

The AEDPA requires prior authorization from the court of appeals to file a second or successive habeas petition under § 2254. *See* 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks subject matter jurisdiction of the action. *See In re Cline*, 531 F.3d 1239, 1251 (10th Cir. 2008); *see also United States v. Gallegos*, 142 F.3d 1211, 1212 (10th Cir. 1998). The court of appeals has advised district courts: "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Cline*, 531 F.3d at 1252 (citing *Spitznas v. Boone*, 464 F.3d 1213, 1227 (10th Cir.2006)). The court in *Cline* discussed factors to be considered in determining whether a transfer is in the interest of justice. *See id.*

In this case, the record reveals no authorization from the court of appeals for Petitioner to file a second or successive § 2254 petition. Further, upon consideration of the appropriate factors, the Court finds that a transfer of the Petition to the court of appeals for authorization under § 2244(b)(3) is not warranted.

For these reasons, the Court declines to adopt the Report and Recommendation [Doc. No. 9]. The Court instead finds that the Petition must be dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3).

IT IS THEREFORE ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. No. 1] is DISMISSED for lack of jurisdiction. Judgment shall be entered accordingly.

IT IS SO ORDERED this 28th day of January, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE